# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 0 5 2026

Nathan Ochsner, Clerk of Court

TARA MICHELLE RICE, individually and §
as next friend of §
JAYLEN MICAH RICE (Disabled Adult), §
JAHVIER MALIK RICE (Disabled Adult), §
XZAVIER MALAKI RICE (Disabled Adult), §
Z.W. (Minor Child), §
J.W. (Minor Child), §

Plaintiffs, §

v. §   CIVIL ACTION NO. _____

CITY OF FORT WORTH, TEXAS; §
STATE OF TEXAS; §
TARRANT COUNTY; §
DOES 1–100, §

Defendants. §

## VERIFIED COMPLAINT FOR DAMAGES,

## INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND SANCTIONS
## (RICO, 42 U.S.C. § 1983, ADA, MCKINNEY-VENTO, BANKRUPTCY, TEXAS LAW)
### (Jury Trial Demanded)

### I. PRELIMINARY STATEMENT

1. This civil action arises from a coordinated, multi-year campaign of retaliation, extortion, fraud, malicious prosecution, child exploitation, attempted murder, murder-for-hire, obstruction of justice, and abuse of process, beginning in or about 2020 and continuing to the present.

2. Defendants acted individually, jointly, and in concert as members and associates of an Association-in-Fact Racketeer Influenced and Corrupt Organizations ("RICO") Enterprise and a cross-agency coordination mechanism referred to herein as the "Nexus System."

3. The Enterprise's purpose has been to silence, punish, and destroy Plaintiff Tara Michelle Rice for engaging in protected whistleblowing, court filings, public advocacy, and disability and education advocacy on behalf of her children, all of whom are disabled adults or minors entitled to heightened statutory protections.

4. To accomplish this purpose, Defendants weaponized police power, prosecutorial discretion, judicial processes, child welfare systems, public education systems, housing and benefits administration, and private actors to deprive Plaintiffs of liberty, bodily security, family integrity, education, housing, federal benefits, bankruptcy protection, and access to courts.

5. Defendants' conduct includes, but is not limited to: retaliatory surveillance; fabricated criminal allegations; false arrests; malicious prosecutions; suppression and fabrication of evidence; impersonation of federal officers; benefit interference; unlawful school exclusions; bankruptcy stay violations; attempted trafficking of minors; and credible attempts to facilitate or solicit murder-for-hire.

6. Plaintiffs have exhausted available state and local remedies where required or applicable. State actors have proven unwilling or unable to protect Plaintiffs from ongoing harm. Federal intervention is necessary to prevent further irreparable injury and loss of life.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

8. Jurisdiction is further conferred by 18 U.S.C. § 1964(c) (civil RICO), 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the McKinney-Vento Homeless Assistance Act, and 11 U.S.C. § 362 (Bankruptcy Code).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred within the Southern District of Texas, including Houston, Katy, and Fulshear, and because Defendants conduct business and exercise authority within this District.

## III. PARTIES

### Plaintiffs

10. Plaintiff **Tara Michelle Rice** is an adult resident of Texas and a United States citizen. She appears pro se. She is the biological mother and primary caregiver of the co-Plaintiffs and brings this action individually and in representative capacities.
11. Plaintiff **Jaylen Micah Rice** is a disabled adult with documented mental health and functional impairments, subjected to surveillance, false arrest, targeting, and credible threats of violence.
12. Plaintiff **Jahvier Malik Rice** is a disabled adult with intellectual and developmental disabilities, deprived of safety, stability, and educational protections.
13. Plaintiff **Xzavier Malaki Rice** is a disabled adult with cognitive and functional impairments, similarly deprived of statutory protections.
14. Plaintiffs **Z.W.** and **J.W.** are minor children entitled to special protection under federal and Texas law and were targeted for exploitation, trafficking, and unlawful educational exclusion.

### Defendants

15. Defendants include, without limitation: the City of Fort Worth; Tarrant County; Harris County; Collin County; Fort Bend County; Katy Independent School District; judges (including Judge Alex Kim); prosecutors; law enforcement officers; clerks; school administrators; social services personnel; private corporations; attorneys; and DOES 1–100.

16. All Defendants are sued in their official capacities, individual capacities, and enterprise capacities.

## IV. ENTERPRISE, NEXUS SYSTEM, AND UMBRELLA LIABILITY

17. At all relevant times, Defendants constituted an Association-in-Fact Enterprise within the meaning of 18 U.S.C. § 1961(4).
18. The Enterprise had common purposes, relationships, longevity, and continuity, including retaliation against Plaintiffs, concealment of misconduct, and preservation of power and financial interests.
19. The "Nexus System" refers to the coordinated triggering of actions across agencies and private actors—where one Defendant's action predictably caused another to act, forming a closed loop of retaliation and deprivation.
20. **Umbrella Clause:** Plaintiffs plead that all acts, omissions, injuries, and damages alleged herein are attributable to every Defendant under principles of joint and several liability, conspiracy, agency, respondent superior, ratification, aiding and abetting, and action under color of law.
21. Each Defendant is liable for the acts of every other Defendant and co-conspirator committed in furtherance of the Enterprise, regardless of whether each Defendant personally committed every act.

## V. FACTUAL ALLEGATIONS

### Pattern and Timeline

22. In or about 2020, after Plaintiff exposed judicial and governmental misconduct and engaged in protected advocacy, Defendants initiated a campaign of retaliation.

23. From 2020 through 2022, Plaintiffs were subjected to persistent surveillance, intimidation, malicious reporting, benefit interference, and repeated disruptions of schooling and housing stability.
24. Law enforcement officers conducted perpetual stops and harassment of Jaylen Micah Rice and other family members, despite the absence of probable cause.
25. Social service agencies acted on knowingly false referrals to attempt removal or coercive control of the children.
26. In January 2023, Defendants attempted to traffic minor Plaintiffs from Texas to Ohio through false reporting and manipulated records, causing severe trauma and deprivation of rights.
27. Defendants failed and refused to investigate credible reports of child exploitation, instead using child welfare systems as instruments of retaliation.
28. In 2023, Defendants impersonated federal agents to intimidate Plaintiff and facilitate unlawful entry and surveillance; local law enforcement suppressed the resulting felony report.
29. Defendants coordinated unlawful arrests and detentions, fabricated evidence, suppressed exculpatory material, and initiated malicious prosecutions intended to punish Plaintiffs for protected activity.
30. All such criminal cases were terminated without conviction and in Plaintiffs' favor.
31. Throughout 2023 and 2024, Defendants engaged in unmarked-vehicle surveillance, stalking, and luring tactics designed to isolate Jaylen Micah Rice in hostile jurisdictions.
32. School officials, including Katy ISD and its counsel, knowingly filed false pleadings, misrepresented McKinney-Vento compliance, and used litigation for improper purposes.
33. During Plaintiff's Chapter 7 bankruptcy, Defendants willfully violated the automatic stay by continuing collections, litigation, and administrative actions after receiving notice.
34. Written demands to cease stay violations were ignored.
35. Defendants used mail, wire, and electronic communications to extort, threaten, and obstruct Plaintiffs' access to benefits and courts.
36. On November 5, 2025, following new federal filings, Defendants escalated surveillance of Plaintiff's residence.

37. On December 1, 2025, Defendants took further actions to deny education, disrupt housing, and maintain false records.
38. Defendants' acts constitute a continuous pattern of racketeering, retaliation, and violence, presenting an ongoing and credible threat to Plaintiffs' lives and safety.

## VI. CAUSES OF ACTION

### COUNT 1 – First Amendment Retaliation (42 U.S.C. § 1983)

39. Defendants retaliated against Plaintiffs for protected speech, petitioning, and advocacy.

### COUNT 2 – Fourth Amendment Violations (42 U.S.C. § 1983)

40. Defendants conducted unlawful stops, searches, seizures, assaults, and surveillance.

### COUNT 3 – Due Process and Family Integrity (42 U.S.C. § 1983)

41. Defendants deprived Plaintiffs of liberty, property, and family unity through fabrication and suppression of evidence and attempted trafficking.

### COUNT 4 – Equal Protection (42 U.S.C. § 1983)

42. Plaintiffs were intentionally targeted as a disabled, homeless, whistleblower family.

### COUNT 5 – Municipal Liability (Monell) (42 U.S.C. § 1983)

43. Constitutional violations were caused by official policies, customs, failures to train, and ratification.

### COUNT 6 – Civil Rights Conspiracy (42 U.S.C. §§ 1983, 1985)

44. Defendants conspired to deprive Plaintiffs of federal rights and court access.

### COUNT 7 – State-Created Danger (42 U.S.C. § 1983)

45. Defendants affirmatively placed Plaintiffs in known danger.

## COUNT 8 – Disability Discrimination (ADA Title II; Rehab Act § 504; Tex. Gov't Code Ch. 121)

46. Defendants denied accommodations, services, and protections with deliberate indifference.

## COUNT 9 – Obstruction of Court Access (42 U.S.C. § 1983)

47. Defendants obstructed emergency filings and relief.

## COUNT 10 – Evidence Fabrication and Suppression (42 U.S.C. § 1983)

48. Defendants fabricated, concealed, and destroyed evidence.

## COUNT 11 – Malicious Prosecution (42 U.S.C. § 1983; Texas Law)

49. Defendants initiated prosecutions without probable cause.

## COUNT 12 – RICO (18 U.S.C. §§ 1962(c), (d))

50. Defendants conducted the affairs of the Enterprise through a pattern of racketeering activity.

## COUNT 13 – Attempted Murder and Murder-for-Hire (42 U.S.C. § 1983; 18 U.S.C. § 1958)

51. Defendants orchestrated or facilitated murder-for-hire schemes against Plaintiffs.

## COUNT 14 – Child Trafficking and Exploitation (42 U.S.C. § 1983; 18 U.S.C. § 1591; Texas Law)

52. Defendants attempted or facilitated trafficking and exploitation of minors.

## COUNT 15 – Education, Homeless, and Disability Rights

53. Defendants violated IDEA, McKinney-Vento, and Texas Education Code protections.

## COUNT 16 – Bankruptcy Stay Violations (11 U.S.C. § 362)

54. Defendants willfully violated the automatic stay.

## COUNT 17 – Texas Constitutional and Tort Claims

55. Defendants committed assault, false imprisonment, IIED, and public corruption.

## VII. DAMAGES AND RELIEF SOUGHT

56. Plaintiffs have suffered irreparable harm, including loss of liberty, bodily security, family integrity, education, housing, benefits, emotional distress, and credible threats of death.
57. Defendants acted willfully, maliciously, and with reckless disregard.
58. Plaintiffs seek damages of **$5,000,000,000.00**, jointly and severally, including compensatory, punitive, treble RICO damages, statutory damages, fees, costs, and injunctive relief.

## VIII. PRAYER FOR RELIEF

59. Entry of judgment on all counts.
60. Declaratory and injunctive relief to protect Plaintiffs' lives and rights.
61. Award of damages, fees, costs, and interest.
62. Retention of jurisdiction and expedited hearings.

## IX. JURY DEMAND

63. Plaintiffs demand a trial by jury on all issues so triable.

## X. VERIFICATION

64. I, **Tara Michelle Rice**, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

## XI. CERTIFICATE OF SERVICE

65. I certify that a true and correct copy of this Verified Complaint will be served upon all Defendants by U.S. Mail, certified mail, personal service, or U.S. Marshal, as authorized by the Court and required by law.

**Respectfully submitted,**

**TARA MICHELLE RICE**
Pro Se Plaintiff
801 FM 1463, Suite 200
Katy, TX 77494
Phone: 346-827-4179
Email: amothersmission@icloud.com