United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tara Michelle Rice, et al., | § § § | |
| *Plaintiffs,* | § § | |
| | § | Civil Action No. 4:26-cv-00052 |
| v. | § § | |
| City of Fort Worth, Texas, et al., | § § | |
| *Defendants.* | § § § | |

## **MEMORANDUM, RECOMMENDATION, AND ORDER**

On January 5, 2026, Plaintiff Tara Michelle Rice, in her individual capacity and as next friend of her three disabled adult children, Jaylen Micah Rice, Jahvier Malik Rice, Xzavier Malaki Rice, and two minor children, Z.W. and J.W., filed a motion requesting leave to proceed *in forma pauperis* ("IFP"). Dkt. 2. After carefully considering the application, the pleadings, and the applicable law, it is ordered that Rice's IFP application is granted, but it is recommended that Plaintiffs' claims be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## **Background**

The complaint makes sweeping accusations that "Defendants" collectively engaged in a "coordinated, multi-year campaign of retaliation, extortion, fraud, malicious prosecution, child exploitation, attempted murder,

murder-for-hire, obstruction of justice, and abuse of process" from 2020 to the present. Dkt. 1 at 1. Rice lodges those accusations at the State of Texas; the City of Fort Worth, Texas; Tarrant, Harris, Collin, and Fort Bend Counties; and Katy Independent School District. Dkt. 1 at 1. She also alludes to unidentified judges; "prosecutors; law enforcement officers; clerks; school administrators; social services personnel; private corporations; attorneys; and DOES 1-100." *Id.* at 3.

The only defendant-specific allegation accuses Katy Independent School District and its counsel of "knowingly fil[ing] false pleadings, misrepresent[ing] McKinney-Vento compliance, and us[ing] litigation for improper purposes." *Id.* No other particulars are provided. The remaining allegations do not differentiate between the many named "Defendants."

According to Rice, from 2020 through 2022, she and her children were subject to "persistent surveillance, intimidation, malicious reporting, benefit interference, and repeated disruptions of schooling and housing stability." *Id.* at 5. Unidentified law enforcement officers allegedly stopped and harassed Jaylen Micah Rice and other family members; social service agencies purportedly acted on false referrals when attempting to remove her children; and Defendants allegedly "attempted to traffic" Rice's minor children in January 2023. *Id.*

Rice further alleges that "Defendants" impersonated federal agents to intimidate and surveil her, and that "Defendants coordinated unlawful arrests and detentions, fabricated evidence, suppressed exculpatory material, and initiated malicious prosecutions …." *Id.* Rice also asserts that Defendants "engaged in unmarked-vehicle surveillance, stalking, and luring tactics" to "isolate Jaylen Micah Rice in hostile jurisdictions." *Id.* And after Rice filed for bankruptcy under Chapter 7, Defendants allegedly violated the automatic stay by pursuing unidentified "collections, litigation, and administrative actions …." *Id.* Rice further accuses Defendants of using mail, wire, and electronic communications to "extort, threaten, and obstruct Plaintiffs' access to benefits and courts." *Id.*

Rice brings seventeen causes of action. *See* Dkt. 1 at 6-8. Under 42 U.S.C. § 1983, Rice invokes the First and Fourth Amendments, due process, equal protection, and accuses Defendants of state-created danger, obstructing court access, fabricating and suppressing evidence, and malicious prosecution. *Id.* Other federal claims assert a conspiracy to violate civil rights, 42 U.S.C. § 1985; violation of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962; disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; attempted murder and murder-for-hire under 18 U.S.C. § 1958; child trafficking and exploitation under 18 U.S.C. § 1591;

violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*, and the McKinney-Vento Homeless Assistance Act of 1987, 42 U.S.C. § 11301, *et seq.*; and violations of a bankruptcy stay, 11 U.S.C. § 362. *Id.* She also pleads various state law claims. *Id.*

Rice moved to proceed IFP on January 5, 2026. Dkt. 2. This case was referred to the undersigned on January 26, 2026. Dkt. 4. The motion is ripe for resolution.

## **Legal standard**

Rice's application is governed by 28 U.S.C. § 1915(a)(1). Section 1915 provides that "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). This statute applies both to prisoner and non-prisoner cases. *See Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997).

But the right to proceed *in forma pauperis* is not absolute. "Under § 1915(e)(2)(B), the district court is required to dismiss an IFP case 'at any time' if it determines that the case is 'frivolous or malicious' or 'fails to state a claim on which relief may be granted.'" *Doe v. Charter Commc'ns, LLC*, 131 F.4th 323, 327 (5th Cir. 2025) (quoting 28 U.S.C. § 1915(e)(2)(B)(i), (ii)).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Diamond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quotations and citations omitted).

A complaint fails to state a claim upon which relief may be granted if it alleges insufficient facts, when taken as true, to state a basis for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also, e.g., Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing *Iqbal* for the legal standard governing a court's *sua sponte* dismissal of a claim under Section 1915(e)(2)(B)).

*Pro se* pleadings are liberally construed. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)

5

(per curiam)).  But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

### Analysis

Rice's financial circumstances merit allowing her to proceed without prepaying costs.  But for multiple reasons, Rice has not stated a cognizable basis for relief.  She has not shown that that can proceed *pro se* on her children's behalf.  She also fails to plausibly allege her federal claims.  And without a viable federal question, this Court should decline to exercise supplemental jurisdiction over Rice's state-law claims.  Under 28 U.S.C. § 1915(e)(2)(B), this case should be dismissed.

## I.    Rice's IFP application is granted.

Rice filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, which would allow her to proceed with this case without prepaying fees or costs. Dkt. 2.  To proceed without paying the filing fee, an applicant must show that she is financially "unable to pay such fees."  28 U.S.C. § 1915(a).  Although

an applicant need not "be absolutely destitute," she still must show by affidavit that her financial condition renders her unable to "pay or give security for the costs … and still be able to provide [herself] and [her] dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948).

After reviewing Rice's application, the Court finds that her financial resources render her unable to afford the costs of this litigation. She is financially eligible to proceed IFP.

## II.   Rice has not pleaded viable claims.

### A.   Rice has not shown that she can represent her children.

Rice attempts to proceed *pro se* in both her individual capacity and as next friend of three disabled adult children and two minor children. *See* Dkt. 1 at 1. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Under that language, a party "cannot be represented by a nonlawyer" because Section 1654 "does not include the phrase, 'or by a nonlawyer.'" *Raskin ex rel. JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (quoting *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)); *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law.").

The foregoing limitation means that a parent cannot bring a *pro se* suit on a child's behalf unless the claim belongs to the parent. *See Raskin*, 69 F.4th at 284-87. Unless a *pro se* parent shows that "federal or state law authorizes her to proceed *pro se* on behalf of her children," *see id.* at 287, the claims seeking recovery for the children must be dismissed, *see Clark v. City of Pasadena*, 2024 WL 4354819, at *4 (S.D. Tex. Sept. 30, 2024) (dismissing for lack of standing a *pro se* plaintiff's Fourth and Sixth Amendment claims that assert violations of his son's rights); *see also, e.g.*, *J.F. v. Ventura*, 2025 WL 2881576, at *4 (N.D. Tex. Sept. 22, 2025) (dismissing ADA claim because "J.F. has not established that she is able to proceed *pro se* on behalf of her mother or children under 28 U.S.C. § 1654"), *adopted by* 2025 WL 2880805 (N.D. Tex. Oct. 9, 2025).

Rice pleads no facts suggesting that she is a lawyer. Nor has she alleged any facts or identified any state or federal law that would allow her to vindicate her children's rights. As a result, Rice has not shown "that under § 1654, federal or state law authorizes her to proceed *pro se* on behalf of her children." *See Raskin*, 69 F.4th at 287. All claims challenging acts toward Rice's children should be dismissed without prejudice.

8

**B.    The federal claims are inadequately pleaded or otherwise barred.**

Rice's federal claims are wholly deficient.  Her complaint is replete with conclusory allegations that fail to identify specific wrongdoing by a particular defendant.  Her claims against the State of Texas under 42 U.S.C. § 1983 are barred by sovereign immunity.  And her federal claims against all Defendants do not adequately allege a basis for relief.  All of them should be dismissed.

1.    Rice's shotgun pleading fails to state a plausible basis for relief.

Most broadly, Rice's complaint fails to satisfy basic pleading requirements.  At a minimum, pleadings must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  But group pleadings, or shotgun pleadings, "fall short of the requisite pleading requirements."  *See Bellard v. JP Morgan Chase Bank, N.A.*, 2010 WL 1960079, at *2 (S.D. Tex. May 14, 2010).  Shotgun pleadings are those asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against."  *Jones v. Grapeland Indep. Sch. Dist.*, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (per curiam) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).  That lack of specificity "frustrate[s] the purpose of notice pleading and impair[s] a defendant's ability to respond to an asserted claim."

9

*Salazar v. Shell Offshore*, 2023 WL 11987797, at \*2 (S.D. Tex. Mar. 24, 2023) (quotation omitted).

Almost none of Rice's factual allegations distinguish which defendant did what. Yet she lodges her causes of action against all "Defendants." *See id.* at 6-8. Rice fails to "explain what role each Defendant played" and instead improperly "group[s] them together at all times" *See Del Castillo v. PMI Holdings N. Am. Inc.*, 2015 WL 3833447, at \*6 (S.D. Tex. May 14, 2010). Her global allegations against all Defendants are inadequate.

Although Rice purports to sue unidentified judges, prosecutors, law enforcement officers, clerks, school administrators, social services personnel, private corporations, attorneys, and DOES 1-100, *see* Dkt. 1 at 3, she makes no individualized factual allegations against any of them. *See* Dkt. 1 at 3. When "a plaintiff merely lists an individual as a defendant but makes no factual allegations against him or her, no cognizable claim has been stated against that defendant." *Collins v. Terrebonne Par. Crim. Just. Complex*, 2025 WL 3001929, at \*5 (E.D. La. Sept. 8, 2025), *adopted by* 2025 WL 2997476 E.D. La. Oct. 24, 2025). None of the claims adequately states a basis for relief.

2.    The claims under 42 U.S.C. 1983 are inadequately pleaded.

Rice asserts numerous claims arising under 42 U.S.C. § 1983: (1) First Amendment retaliation; (2) Fourth Amendment violations; (3) due process and family integrity; (4) equal protection; (5) municipal liability; (6) civil rights

conspiracy; (7) state-created danger; (8) obstruction of court access; (9) evidence fabrication and suppression; (10) malicious prosecution; (11) attempted murder and murder-for-hire; and (12) child trafficking and exploitation. Dkt. 1 at 6-8. Rice also alleges that Defendants violated the McKinney-Vento Homeless Assistance Act of 1987, which claims she attempts to assert under Section 1983. *See Does v. Klein v. Ind. Sch. Dist.*, 2025 WL 1476548, at *6 (S.D. Tex. May 22, 2025). None of those claims can proceed.

### i. The State of Texas is immune from suit.

Rice cannot obtain relief against the State of Texas on her Section 1983 claim, whether for damages or declaratory or injunctive relief. "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst St. Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984); *see also Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (suits against the state for prospective relief are barred by sovereign immunity). The State of Texas has not waived its sovereign immunity, and Section 1983 does not abrogate that immunity. *See NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015). Rice's Section

11

1983 theories against Texas are therefore barred.  *See Richardson v. Texas*, 2024 WL 913380, at *4 (5th Cir. Mar. 4, 2024) (dismissing similar claims).

ii.    <u>Rice does not adequately allege an official policy or custom.</u>

Rice's Section 1983 claims against the City of Fort Worth, Tarrant, Harris, Collin, and Fort Bend Counties, and the Katy Independent School District fare no better.  Her allegations come nowhere close to satisfying *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and its progeny.

As *Monell* makes clear, "a municipality cannot be held liable solely because it employs a tortfeasor ...."  436 U.S. at 691.  Instead, "[u]nder § 1983, a municipality or local government entity such as an independent school district may be held liable only for acts for which it is actually responsible." *Doe on Behalf of Doe v. Dall. Ind. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Hou.*, 237 F.3d 567, 578 (5th Cir. 2001) (footnote omitted).  To recover, a plaintiff must plausibly allege that: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force

12

behind the violation of a constitutional right." *Martinez v. City of Rosenberg, Tex.*, 123 F.4th 285, 289 (5th Cir. 2024) (quotations omitted), *cert. denied*, 2025 WL 1727389 (U.S. June 23, 2025).

At most, Rice's complaint declares that "[c]onstitutional violations were caused by official policies, customs, failures to train, and ratification." *See* Dkt. 1 at 6. But "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997)). Rice's failure to include the necessary factual particulars defeats her Section 1983 claims.

### 3.   The RICO claim is barred.

The complaint also asserts a RICO claim under 18 U.S.C. § 1962(b) and (c), but the allegations are hopelessly conclusory. That alone merits dismissal.

"Regardless of subsection, RICO claims under § 1962 have three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quotation omitted). To satisfy the third requirement, there must be "an association-in-fact," which "includes a group of persons associated together for a common purpose of engaging in a course of conduct ...." *Crosswell v. Martinez*, 120 F.4th

177, 185 (5th Cir. 2024) (quotation omitted).  The association-in-fact "must exist for purposes other than just to commit [RICO] predicate acts."  *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019).

A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise."  *Crosswell*, 120 F.4th at 184 (quoting *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)). And "the plaintiff must plead the specified facts as to each defendant.  It cannot ... lump[ ] together the defendants."  *Id.* (quoting *Walker*, 938 F.3d at 738).

Rice fails to clear those hurdles.  Her complaint merely states, in formulaic fashion, that "Defendants" have an association-in-fact enterprise with the "common purposes" of "retaliation against Plaintiffs, concealment of misconduct, and preservation of power and financial interests."  Dkt. 1 at 4. That is not enough.  At best, the factual allegations detail "an isolated set of events directed to" Rice or her family members.  *See Croswell*, 120 F.4th at 187. Conspicuously lacking are any factual allegations linking Defendants "to any other continuing set of relationships or a course of activity that would entail an association operating the background ...."  *Id.* (affirming dismissal of RICO claim).  Nor does the complaint differentiate between the various Defendants, as it needed to do.  The RICO claim should be dismissed.

14

4.     The claim under 42 U.S.C. § 1985 is inadequately pleaded.

Invoking 42 U.S.C. § 1985, Rice alleges that Defendants conspired to deprive her federal constitutional rights and access to the courts. Dkt. 1 at 7. Although not asserted specifically, Rice's factual allegations implicate Sections 1985(2) and (3). Section 1985(2) addresses conspiracies that interfere with the administration of justice in state and federal court proceedings. *See Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Section 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

"To state a plausible claim under either provision, plaintiff must sufficiently allege a conspiracy." *Lewis v. Friedman*, , at *2 (E.D. La. Feb. 23, 2026). Rice's assertion that "Defendants conspired to deprive Plaintiffs of federal rights and court access," Dkt. 1 at 6, is "nothing more than a threadbare recital of the conspiracy element of a § 1985 claim, which is not entitled to a presumption of truth." *See Lewis*, 2026 WL 496637, at *2 (citing *Iqbal*, 556 U.S. at 678). "Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); *see also, e.g.*, *Gonzalez v. Gillis*, 2022 WL 1164806, at *1 (5th Cir. Apr. 29, 2022) (rejecting "conclusory allegations of an agreement" that "do not state a plausible conspiracy claim" under 42 U.S.C. § 1985(3)). This claim fails.

15

5.    <u>Rice has not alleged a viable disability discrimination claim.</u>

Rice also alleges that Defendants "denied accommodations, services, and protections" in violation of Title II of the ADA and Section 504 of the Rehabilitation Act.  Dkt. 1 at 7.  She further alleges that Defendants violated the IDEA.  *Id.* at 8.  It is unclear whether Rice is asserting these claims on her own behalf, as opposed to doing so for her children.  Either way, the claims should be dismissed.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability … shall … be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …"  29 U.S.C. § 794.

"[T]he rights and remedies afforded plaintiffs under Title II of the ADA are almost entirely duplicative of those provided under § 504 of the Rehabilitation Act."  *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005).  Both statutes recognize that "a public entity's failure [to] reasonably accommodate the known limitations of persons with disabilities can … constitute disability discrimination."  *See Windham v. Harris Cnty., Tex.*,

875 F.3d 229, 235 (5th Cir. 2017) (Title II); *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020) (Rehabilitation Act). A failure-to-accommodate claim requires the plaintiff to prove: "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the [public] entity; and (3) the entity failed to make reasonable accommodations." *Windham*, 875 F.3d at 236 n.8 (quotation omitted).

Rice has not asserted that she is a qualified individual with a disability, that the disability and its consequential limitations were known by any defendant, nor that any defendant failed to make reasonable accommodations. And other than describing her three adult children as disabled with some type of impairments, the complaint does not allege that those limitations were known to any particular defendant, that any specific accommodation was sought, or that a requested accommodation was denied. She has not stated a cognizable ADA or Rehabilitation Act claim.

With respect to the IDEA claim, the complaint merely asserts that Defendants collectively violated the statute in some unspecified way. That is insufficient to state a plausible basis for relief. *See* Dkt. 1 at 8. All disability-related claims should be dismissed.

6.    Conclusory allegations about the bankruptcy stay are insufficient.

Rice alleges that Defendants willfully violated an automatic stay in her Chapter 7 bankruptcy proceeding. Dkt. 1 at 5, 8. "Section 362(k) creates a private right of action for a debtor to bring an action against a person who willfully violates the automatic stay to the injury of the debtor." *Bunkers Int'l Co. v. M/V Wuchow*, 2016 WL 1168483, at *4 (E.D. La. Mar. 23, 2016) (citing *In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008)). To recover, (1) the creditor must have known the existence of the stay; (2) the creditor's acts must have been intentional; and (3) these acts must have violated the stay. *Id.*

Rice's claim is conclusory. She does not allege which defendant violated an alleged stay. Nor does she allege what that defendant did that violated the stay. She does not even specify which bankruptcy stay is at issue.[1] She has not stated a plausible basis for relief under Section 362(k).

---

[1] Judicially noticeable records indicate that Plaintiff has filed at least three bankruptcy petitions. *See Petition, In re Rice*, No. 25-36821 (Bankr. S.D. Tex. Nov. 12, 2025), Dkt. 1; *Petition, In re Rice*, No. 25-30189 (Bankr. S.D. Tex. Jan. 8, 2025), Dkt. 1; *Petition, In re Rice*, No. 23-34095 (Bankr. S.D. Tex. Oct. 24, 2023), Dkt. 1. All those petitions were dismissed. *See Order Dismissing Debtor for Deficiencies, In re Rice*, No. 25-26821 (Bankr. S.D. Tex. Dec. 1, 2025), Dkt. 14; *Order Dismissing Debtor for Deficiencies, In re Rice*, No. 25-cv-30189 (Bankr. S.D. Tex. Feb. 25, 2025), Dkt. 13; *Order Dismissing Debtor for Deficiencies, In re Rice*, No. 23-34095 (S.D. Tex. Nov. 9, 2023), Dkt. 11.

18

7. The claims premised on criminal statutes are insufficient.

Rice alleges that "Defendants" committed attempted murder and murder-for-hire under 18 U.S.C. § 1958 and child trafficking and exploitation under 18 U.S.C. § 1591. Dkt. 1 at 7. All these claims fail.

The murder-related claims are barred as a matter of law and therefore frivolous. "Title 18 is a federal criminal statute and generally provides no private right of action." *Sierra v. Dall. Cnty. Dist. Att'y Office*, 2023 WL 7285930, at *4 (N.D. Tex. Oct. 18, 2023), *adopted by* 2023 WL 7283925 (N.D. Tex. Nov. 3, 2023); *see also Jones v. Greenville Police Dep't*, 2025 WL 1749986, at *2 (N.D. Miss. June 2, 2025) (recommending dismissal of claim brought under federal criminal statute that "generally provides no private right of action"), *adopted by* 2025 WL 1749670 (N.D. Miss. June 24, 2025). Without a private right of action, Rice cannot obtain relief.

Moreover, the complaint provides no factual support, whether regarding the supposed "attempted murder and murder-for-hire" or child trafficking. Rice merely declares, in sweeping fashion, that "Defendants orchestrated or facilitated murder-for-hire schemes against Plaintiffs" and that "Defendants attempted or facilitated trafficking and exploitation of minors." Dkt. 1 at 7. Her conclusory assertions fail to state a basis for relief.

19

### III.  The Court should decline to exercise supplemental jurisdiction over Rice's state-law claims.

Rice's remaining claims are governed by state law.  There is no indication that this Court could exercise jurisdiction over those claims based on diversity jurisdiction.  *See* Dkt. 1 at 3 (Rice's assertion that she is a Texas resident suing Texas entities); 28 U.S.C. § 1332 (requirements for diversity jurisdiction).  And if this Court concludes that the federal claims should be dismissed—as recommended above—it may decline to exercise supplemental jurisdiction over the remaining state claims.  28 U.S.C. § 1367(c)(3); *see also Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial ...."); *Grant v. Saucedo*, 2022 WL 2834757, at *2 (S.D. Tex. July 19, 2022) (declining supplemental jurisdiction over state-law claims when dismissing federal claim under 28 U.S.C. § 1915(e)); *Clay v. Freebird Publishers*, 2020 WL 529707, at *2 (S.D. Tex. Jan. 31, 2020) (same).  That is the proper result here.

No federal interest is served by adjudicating Rice's state-law claims, and the Court has not expended significant resources on their consideration.  *See Enochs v. Lampass Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (judicial economy, convenience, fairness, and comity factors inform whether to retain

supplemental jurisdiction).  The appropriate course is to dismiss those state-law claims without prejudice to bringing them in state court.

### Order and Recommendation

For the foregoing reasons, it is **ORDERED** that Plaintiff Tara Michelle Rice's request to proceed *in forma pauperis* (Dkt. 2) be **GRANTED.**

It is **RECOMMENDED** under 28 U.S.C. § 1915(e)(2)(B) that

- Jaylen Micah Rice's, Jahvier Malik Rice's, Xzavier Malaki Rice's, Z.W.'s, and J.W.'s claims against all Defendants be **DISMISSED WITHOUT PREJUDICE** because Tara Michelle Rice has not shown that she is entitled to assert those claims on her children's behalf;

- Tara Michelle Rice's 42 U.S.C. 1983 claims against the State of Texas be **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity; and

- Tara Michelle Rice's remaining federal claims against all Defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim.

It is further **RECOMMENDED** that this Court decline supplemental jurisdiction over Rice's state-law claims and order that those claims be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for**

21

22

**plain error.** ***Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on March 25, 2026, at Houston, Texas.

 

 

_____
Yvonne Y. Ho
United States Magistrate Judge

22